IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.           ) | CRIM. CASE NO. 1:21-cr-104-ECM |
| ) | |
| JUSTIN ANTHONY WELLS ) | |

**MEMORANDUM OPINION and ORDER**

On November 22, 2022, after a hearing, this Court conditionally released Defendant Justin Anthony Wells ("Wells").[1] (Doc. 93). The Court ordered conditions of release which included Wells residing with his aunt, participating in a mental health assessment on November 29, 2022, and in mental health treatment, and reporting any contact with law enforcement. (*Id.*).

On April 20, 2023, Wells' Probation Officer filed a status report detailing that Wells had failed to participate in the mental health assessment, was no longer residing with his aunt, and had been arrested by Samson, Alabama, police for public intoxication. (Doc. 95). On May 16 and June 23, 2023, the Court held hearings to determine whether to revoke or modify Wells' conditional release.

At the hearings to determine whether to revoke or modify his conditional release, Wells asserted that 18 U.S.C. § 4246(f) determined under what conditions his conditional release could be revoked. The United States, on the other hand, asserted that this case is governed by the provisions of Bail Reform Act, 18 U.S.C. § 3142. The Bail Reform Act

---

[1] The Court previously determined that Wells was mentally incompetent to stand trial.

governs the detention or release of persons awaiting trial. 18 U.S.C. § 3142. Notwithstanding the fact that Wells has been determined incompetent to stand trial, he has not been adjudicated not guilty by reason of insanity. Consequently, the provisions of 18 U.S.C. §§ 4241–4246 are inapplicable to Wells. Wells is remains under indictment and was released pending trial.

The Bail Reform Act specifically addresses the pretrial release of a person under the least restrictive measures and permits the Court to impose restrictions related to personal associations, places of abode, or travel. The Act also permits the Court to require the person to report to pretrial services officers, refrain from the possession of weapons, refrain from the use of alcohol and controlled substances, and require psychological or psychiatric treatment. 18 U.S.C. § 3142(c)(iv), (vi), (viii), (ix), and (x). Thus, the Court concludes that because Wells has not been adjudicated not guilty by reason of insanity, at this junction, the Bail Reform Act applies to his conditional release.

The Court may revoke Wells' release if the Court finds that "based on the factors set forth in section 3142(g), … there is no condition or combination of conditions of release that will assure that [Wells] will not flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3148(b). It is undisputed that Wells is not in compliance with all conditions of his release. However, the Court finds that the government has failed to demonstrate that there are no conditions or combination of conditions that will protect Wells and the community, and declines to revoke Wells' release.

However, the Court concludes that Wells' conditions of release should be modified. Accordingly, it is

ORDERED that Defendant Wells' conditions of release are modified as follows:

(1) The condition that Wells shall reside at the home of Betty and Jerry Thompson, his aunt and uncle, at 109 Wooddale Drive, Enterprise, Alabama, 36330 is REMOVED.

(2) The condition that Wells shall participate in a mental-health assessment conducted by South Central Alabama Mental Health office in Enterprise, Alabama on November 29, 2022, between 8 a.m. and 3 p.m. is REMOVED.

(3) The condition that Wells shall meet with the Alabama Department of Rehabilitation Services at the appropriate Coffee County office, and shall provide all records requested including psychological evaluations, school records, social security records, and criminal conviction records is REMOVED.

(4) The condition that Wells shall participate in any vocational rehabilitation or day habilitation programs if accepted and approved by the Alabama Department of Mental Health, or as directed by the probation officer is MODIFIED as follows: Wells shall participate in any vocational rehabilitation or day rehabilitation program into which he is accepted. He is not limited to programs approved by the Alabama Department of Mental Health.

(5) The condition that Wells shall not stay overnight at any residence where illegal drugs are taken or located is ADDED as a condition of his release.

It is further

ORDERED that the following conditions of release remain applicable and in place:

(1)   Wells shall report to the probation officer in a manner and frequency directed by the Court or probation officer.

(2)   Wells shall not leave the judicial district without the permission of the Court or probation officer.

(3)   Wells shall submit to a search of his person, residence, office, or vehicle pursuant to the search policy of this court.

(4)   Wells shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.

(5)   Wells shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

(6)   Wells shall provide the probation officer access to any requested financial information.

(7)   Wells shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

(8)   Wells shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.

(9)   Wells shall continue his current medication regimen until instructed otherwise by a qualified medical or mental-health professional. If and when he is instructed to alter

his medication regimen, he shall comply with the new regimen.

(10)   Wells shall participate in a mental-health treatment (psychiatric and/or psychological) program, as directed by the U.S. Probation Office, based upon the needs assessed by mental health or medical professionals. If the continued use of medication is determined necessary by mental health or medical professionals, Wells shall take all medication(s) as prescribed by mental health and medical professionals as directed. Also, Wells shall attend any and all follow-up appointments required for maintenance of prescribed medication as scheduled by, and through, mental health or medical professionals, and as directed by the U.S. Probation Office.

(11)   Wells shall not associate with individuals consuming alcoholic beverages, shall not frequent business establishments whose primary source of revenue is the sale of alcoholic beverages (liquor stores, bars, taverns, etc.) or where controlled substances are illegally sold, used, distributed, or administered.

(12)   Wells shall refrain from the use of alcohol and illegal possession/use of drugs and shall submit to urinalysis or other forms of testing to ensure compliance.   He shall be subject to alcohol and/or drug treatment, if such treatment is determined to be necessary, and is directed by his probation officer. The probation office is authorized to use any technology to monitor the Defendant's compliance with his alcohol restriction.

(13)   While on conditional release, Wells shall not commit another federal, state, or local crime. He shall not illegally possess a controlled substance. He shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related

to any controlled substances, except as prescribed by a physician.

(14)   Wells shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

(15)   Wells shall not possess a firearm, destructive device or other dangerous weapons.

The Court will revisit Wells' conditions of release within six months, and will focus on two matters, among others: first, whether Wells has complied with all conditions and, second, whether the Court still needs to impose and monitor the primary conditions (that he does not use alcohol or illegal drugs and that he complies with his treatment which may include taking medication) to assure his compliance with them in the future. Thus, it is further

ORDERED that

(1)   The violation of any of the conditions set forth in this order may subject Wells to revocation of his release and his return to custody.

(2)   Wells, the United States Attorney's Office, and the United States Probation Office may, at any time, seek modification of the conditions of release.

(3)   On or before **October 16, 2023**, the Defendant shall file a status report addressing Wells' conditions of release, setting forth any new information regarding Wells' housing, mental health treatment, and/or any vocational rehabilitation or day rehabilitation program into which he has been accepted.

(4)  A hearing is set for **December 13, 2023**, at 10:00 a.m., in the Courtroom 2A, Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama, addressing whether Wells has complied with the conditions of release.  It is further

ORDERED that Defendant Wells shall personally appear at the hearing.

Done this the 22nd day of August, 2023.

                                                /s/Emily C. Marks  
                                             EMILY C. MARKS  
                                             CHIEF UNITED STATES DISTRICT JUDGE